IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS WASHINGTON, #214362, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-59-WHA |
| | ) | [WO] |
| | ) | |
| LOUIS BOYD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Marcus Washington ("Washington"), an indigent state inmate, challenging the constitutionality of a disciplinary action, classification proceedings and conditions of confinement during a previous term of incarceration at the Draper Correctional Facility. *Compl. - Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by Washington. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Washington in the complaint. The defendants assert and the undisputed evidence indicates that Washington received a disciplinary for his assault with a weapon on another inmate which resulted in the inmate sustaining lacerations to his face and head. The punishment imposed for this disciplinary included temporary loss of privileges, placement in disciplinary segregation for forty-five

days and referral for custody review. Thus, the disciplinary proceeding did not warrant the protections afforded by due process. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995) (disciplinary confinement of inmate in segregation and temporary loss of privileges do not implicate a constitutionally protected liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) ("The punishments [inmate] suffered because of his disciplinary conviction (demotion in status, segregation, and transfer) raise no due process concerns."). Additionally, based on his assault of another inmate, correctional officials, after advance notice and a hearing, elevated Washington's classification level to close custody. Although Washington received due process prior to his placement in close custody, the law is well settled that an inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Finally, with respect to the conditions about which Washington complains, the evidentiary materials demonstrate that these conditions did not rise to the level of a constitutional violation.

In light of the foregoing, the court issued an order directing Washington to file a response to the defendants' written report. *Order of May 23, 2013 - Doc. No. 18*. The order advised Washington that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned**

2

**[the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Washington for filing a response in compliance with the directives of this order has long since expired. As of the present date, Washington has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Washington is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Washington's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for

failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 2, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE